UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA STANGER and, ) | |
| RICHARD STANGER ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV839 HEA |
| ) | |
| SMITH & NEPHEW, INC., et al., ) | |
| ) | |
|     Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants Lawrence R. Gross, Larry Gross and Associates, Inc., Ted Toler, and Ted Toler and Associates, Inc.'s Motions to Dismiss pursuant to Mo.Rev.Stat. § 537, [Doc. No.'s 51 and 55]. For the reasons set forth below, the motions are denied.

Plaintiffs brought this action alleging that the tibial insert component of the Genesis I artificial knee device which was implanted in plaintiff Linda Stranger on April 15, 2002, was defective. The Second Amended Complaint alleges the product was defective because it had been sterilized using air irradiation which caused oxidation of the ultra high molecular weight polyethylene components. Plaintiffs contend that as a result of this, Linda had to undergo a second surgery to replace the defective insert on December 9, 2002.

Defendants Gross, Gross and Associates, Toler and Toler and Associates move to dismiss pursuant to Section 537.762 of the Missouri Revised Statutes.

These defendants contend that their liability is based solely on their status as sellers in the stream of commerce, and since the manufacturer of the product, defendant Smith & Nephew is before the Court, they are entitled to dismissal.

Under Mo.Rev.Stat. § 537.762, a party in a products liability action whose liability is based solely on its status as a seller in the stream of commerce may move to dismiss itself from an action if the manufacturer is before the Court and total recovery from the manufacturer is possible. The purpose of this statute is to allow a seller to be dismissed without prejudice from the action at an early stage when a more culpable defendant, such as the manufacturer, has been joined. *Drake v. North American Phillips Corp.*, 204 F.Supp.2d 1204, 1206 (E.D. Mo. 2002). This eliminates the need for the seller to seek indemnification from the manufacturer after the litigation is complete and allows the seller to avoid costly litigation. *Id.* However, the statute does not affect the substantive liability of the seller, because it is only available where the more culpable defendant is both before the Court and capable of satisfying the claim. *Malone v. Schapun, Inc.*, 965 S.W.2d 177,182 (Mo.App. 1997). As such, it is a procedural, rather than substantive rule, and it does not apply in federal court. *Id.* (The statute "does not change the substantive law relating to an innocent seller's liability. . ."). See also *Pruett v. Goldmine Laboratories, Inc.*, 751 F.Supp. 1372 (W.D. Mo. 1990).

The Court's jurisdiction in this matter is based on diversity of citizenship. As such, the Court applies substantive Missouri law, but not Missouri procedure. *General Elec. Capital Corp. v. Union Planters Bank, N.A.,* 409 F.3d 1049, 1053 (8th Cir. 2005)("In diversity cases, we apply the substantive law of the state in which the district court sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)."). Because Section 537.762 is procedural, it does not apply in this Court. Defendant's attempts to argue that the procedural vs. substantive rules should not apply in this matter because at the time of the filing of the Second Amended Complaint, plaintiffs had moved to Missouri, and therefore the parties are no longer diverse is of no consequence. The Court's jurisdiction is determined as of the filing of the Complaint. At that time, the parties were completely diverse, as required under 28 U.S.C. § 1332. This Court has jurisdiction to preside over this matter and must apply the authority regarding its jurisdiction in accordance with the applicable diversity jurisprudence.

Because the Court has resolved the issue of dismissal as not being proper under the provisions of Section 537.762, the Court need not address the parties' arguments regarding whether these defendants are sued <u>solely</u> as innocent sellers of the alleged defective product.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Lawrence R. Gross, Larry Gross and Associates, Inc., Ted Toler, and Ted Toler and Associates, Inc.'s Motions to Dismiss pursuant to Mo.Rev.Stat. § 537.762, [Doc. No.'s 51 and 55], are denied.

Dated this 21st day of September, 2005.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE