UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA STANGER and, | ) | |
| RICHARD STANGER | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV839 HEA |
| | ) | |
| SMITH & NEPHEW, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Second Motion to Compel defendant Smith & Nephew to Produce Documents, [Doc. # 64]; plaintiffs' Motion for Supplemental Conference to Discuss Issues of Scheduling and Management, [Doc. # 78]; and plaintiffs' Supplement to the Motion for Supplemental Conference to Discuss Issues of Scheduling and Management, [Doc. # 87]. Defendant opposes the motion to compel and opposes the discovery sought in the motion for supplemental conference, but does not oppose the conference itself. For the reasons set forth below, the motion to compel is granted and the motion for supplemental conference is denied.

Plaintiffs seek an unredacted version of the CD-ROM produced by defendants which sets forth defendant's customers to whom a tibial insert similar to the one at issue herein was provided. Defendant argues those customers other than Phelps County Regional Medical Center and Larry Gross and Associates, Inc. Are

irrelevant and nonresponsive to plaintiffs' requests.  Under the Federal Rules of Civil Procedure, parties may obtain discovery which is reasonably calculated to lead to discovery of admissible evidence.  Fed.R.Civ.P. Rule 26(b)(1).  This discovery is not required to be admissible into evidence, rather, the parties are allowed to discovery of information which may lead to admissible evidence.  Under this standard, the Court is of the opinion that the unredacted version of the CD-ROM is discoverable.

Having determined that defendant is required to produce the unredacted version, the Court fails to see the need for a supplemental conference regarding scheduling and management.  The Court believes the parties are capable of conducting the remaining discovery in a most expeditious manner and therefore, the need for conferencing regarding scheduling is not necessary.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Compel, [Doc. 64], is granted.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Supplemental Conference to Discuss Issues of Scheduling and Management, [Doc. # 78]; and plaintiffs' Supplement to the Motion for Supplemental Conference to Discuss Issues of Scheduling and Management, [Doc. # 87], are denied.

**IT IS FURTHER ORDERED** that defendant Smith & Nephew shall produce the CD-ROM within 5 days from the date of this Order.

Dated this 6th day of October, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE