UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA STANGER and,<br>RICHARD STANGER<br>    Plaintiffs,<br><br>    vs.<br><br>SMITH & NEPHEW, INC., et al.,<br><br>    Defendants. | Case No. 4:04CV839 HEA |

## AMENDED OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Supplemental Motion for Summary Judgment, [Doc. No. 285] and Plaintiffs' Motion for Partial Summary Judgment Regarding Punitive Damages, [Doc. No. 290]. Plaintiffs concede that defendants Gross, Gross and Associates, Toler and Toler and Associates are entitled to summary judgment in their favor.

On November 30, 2005, the Court entered its Order finding defendant Smith and Nephew liable to plaintiffs for its negligent failure to warn of the propensity of the tibial insert implanted into plaintiff Linda Stanger to delaminate because of its shelf age which was in excess of five years. All other claims were resolved in favor of Defendants.

The parties now seek summary judgment on the issue of whether the plaintiffs

are entitled to seek punitive damages from the jury to be selected in this matter. Punitive damages are imposed for the purpose of punishment and deterrence. *Barnett v. La Societe Anonyme Turbomeca,* 963 S.W.2d 639, 659 (Mo.App.1997); *Letz v. Turbomeca Engine Corp.,* 975 S.W.2d 155, 177 (Mo.App.1997).

In a negligence case, punitive damages are may be awarded only if, at the time of the negligent act, the defendant knew or had reason to know there was a high degree of probability that the action would result in injury. *Alack v. Vic Tanny Intern. of Missouri, Inc.*, 923 S.W.2d 330, 338 (Mo. banc 1996). Punitive damages are submissible in a case such as this in which liability has been established by the negligence of the defendant where the evidence shows the defendant knew or had reason to know that there was a high degree of probability that the action would result in injury. *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.,* 700 S.W.2d 426, 435-36 (Mo. banc 1985). "In a products liability claim, the plaintiff must present evidence that the defendant placed an unreasonably dangerous product into the stream of commerce with actual knowledge of the defect. Under both negligence and strict liability theories, the plaintiff must demonstrate that the defendant showed a complete indifference to or conscious disregard for the safety of others. *Letz v. Turbomeca Engine Corp.,* 975 S.W.2d 155, 164-65 (Mo.App. W.D.1997). The test for punitive damages is a strict one, and many cases have been

reversed because of a punitive damage award. *See Bhagvandoss v. Beiersdorf, Inc.,* 723 S.W.2d 392, 397 (Mo. banc 1987)." *Jone v. Coleman Corp.* 183 S.W.3d 600, 610 (Mo.App. E.D.2005).

> "The test for punitive damages in Missouri is a strict one." *Drabik* [*v. Stanley-Bostich, Inc.*]*,* 997 F.2d [496] at 510 [8th Cir. 1993]. Punitive damages may be awarded in a negligence case only "if the defendant knew or had reason to know a high degree of probability existed that the action would result in injury." *Letz v. Turbomeca Engine Corp.,* 975 S.W.2d 155, 164 (Mo.Ct.App.1997) (opinion adopted & reinstated after retransfer Sept. 29, 1998). Punitive damages are appropriate under either [a negligence or strict liability] theory of recovery only if the defendant "showed a complete indifference to or conscious disregard for the safety of others." *Letz,* 975 S.W.2d at 165. Ultimately, the defendant "must have acted with some degree of wantonness or bad motive." *Drabik,* 997 F.2d at 510.
>
> \* \* \* \* \* \* \* \* \*
>
> A manufacturer does not necessarily act with the requisite wantonness to support punitive damages by continuing to manufacture a product with the knowledge of some injuries. "[T]he defendant must be aware of unreasonable danger, not just any danger." *Id.*
>
> \* \* \* \* \* \* \* \* \*
>
> We do not suggest that a manufacturer may ignore safety concerns based on customer demand, but it does go to the wantonness required for a punitive damages award. *See id.* at 510 (noting that the fact that the product design was the standard in the industry was "relevant to show that [the defendant] was not willfully indifferent"). On these facts, there simply is not the evidence of evil motive or reckless disregard by GACS necessary to support a punitive damages award. *See, e.g., Lopez v. Three Rivers Elec. Co-op., Inc.,* 26 S.W.3d 151, 160 (Mo.2000) (en banc) (comparing the defendant's conduct to

the Missouri Supreme Court's classic example of a person firing a rifle into a moving passenger train as the level of knowledge of a high degree of probability of injury required to support punitive damages).

*Ford v. GACS, Inc.,* 265 F.3d 670, 677-78 (8th Cir. 2001).

> "Ordinarily [exemplary] damages are not recoverable in actions for negligence, because negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct." *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 435 (Mo. banc. 1985)(quoting *Sharp v. Robberson*, 495 S.W.2d 394, 397 (Mo. Banc. 1973)). Punitive damages are properly submitted in a strict liability case only if there is clear and convincing evidence that defendants "placed in commerce an unreasonably dangerous product with actual knowledge of the product's defects." *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 164-65 (Mo..App. W.D. 1997). Both strict liability and negligence theories require evidence "that the defendant showed a complete indifference to or conscious disregard for the safety of others." *Id*, at 165; *see also Barnett v. LaSociete Anonyme Turbomeca France*, 963 S.W.2d 639, 659 (Mo.App. W.D. 1997)(discussing the fact that "[i]n the context of products liability actions, the legal standard for submitting punitive damages depends on whether the underlying theory is in strict liability or in negligence" and explaining the submissibility standards for each). "Conscious disregard or complete indifference" includes situations where the person doing the act or failing to act must be conscious from the knowledge of surrounding circumstances and existing conditions, that, although lacking specific intent to injure the person's conduct or failure to act will naturally or probably result in injury. *Hopkins*, 116 S.W.2d at 583, 564. Punitive damages are appropriate, therefore, only when the defendant's conduct is outrageous due to evil motive or reckless indifference to the rights of others, which must be proven by clear and convincing evidence. *Blue v. Hurrah's North Kansas City, LLC*, 170 S.W.3d 466, 477 (Mo.App. W.D. 2005).

*Peters v. General Motors Corp.*, 2006 WL 88563 at *18 (Mo.App. W.D. 2006).

At the time this particular tibial insert was placed in the stream of commerce, no one knew or had reason to believe gamma sterilization may cause delamination of the insert over time. Thus, as this Court has found, the tibial insert was not defective at the time it was sold in 1991. The particular insert, however, was eleven years old when it was implanted into plaintiff Linda Stanger. Because of this lengthy shelf life, the implant had undergone chemical changes and was required to be replaced. The Court has previously found that defendant Smith & Nephew was negligent in failing to warn as the manufacturer of a health device.

Defendant Smith & Nephew's negligent failure to warn of this problem, however, does not rise to the level required for the submission of punitive damages to a jury. It is not as if Smith & Nephew merely did nothing. When information became available, this defendant developed a plan whereby the existing product would be exchanged with inserts which were sterilized in a different manner to alleviate the problem of premature delamination. Although plaintiffs argue that this replacement approach warrants the submission of punitive damages to the jury because defendant did not send out a warning letter to physicians and hospitals, plaintiffs are, in essence, seeking punitive damages based solely on defendant's negligence in not giving the warning. In hindsight, plaintiffs argue that defendant had to have known the exchange plan was not working because of the small number

of inserts which were returned.  Speculation of this nature could well show the opposite, *i.e.*, that older inserts were no longer on the shelves.

Punitive damages are warranted when defendant *knows* that its actions or failure to act will, with a high degree of probability, result in injury.  Smith & Nephew's reports of failures of the tibial insert are contained in the  "Genesis I Tibial Insert Revision Rate" Spreadsheet.  This spreadsheet includes all failures reported to Smith & Nephew and is not limited to those failures which occurred because of the shelf life of the insert.  By 2005, of the 55,331 inserts sold, forty-one revisions were reported.  Clearly, there is not clear and convincing evidence that Smith & Nephew knew that it was highly probable that plaintiff would be injured because of  its failure to warn Phelps County Regional Medical Center or Doctor Satterly of the possibility of premature failure.

Punitive damages are intended to punish a wrongdoing defendant.  Smith & Nephew does not fall within this category.  The insert was sold to Phelps County Regional Medical Center in 1991.  Although the Court has found it had a continuing duty to warn of the possibility of premature failure, there is nothing in this record which establishes that Smith and Nephew knew that it was highly probable that its failure to warn post-sale would result in the failure of this particular tibial insert

some eleven years after its sale. As such, Smith & Nephew is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Supplemental Motion for Summary Judgment, [Doc. No. 285], is granted.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Partial Summary Judgment Regarding Punitive Damages, [Doc. No. 290], is denied.

**IT IS FURTHER ORDERED** that defendant Smith & Nephew shall, within 5 days from the date of this Order, advise the Court in writing of which of its pending motions in limine remain at issue.

Dated this 4th day of May, 2006.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE